IN THE UNITED STATES BANKRUPTCY
COURT FOR THE EASTERN DISTRICT OF
NEW YORK

| | |
|---|---|
| In Re:<br><br>   Justin S. Parks<br><br>   Estelle J. Girard<br><br>     Debtors | Chapter: 13<br><br>Bankruptcy Case: 1-25-43428-ess |

*OBJECTION OF CUSTOMERS BANK TO DEBTORS' CHAPTER 13 PLAN WITH RESPECT TO TREATMENT OF CREDITOR'S CLAIM IN THE FOLLOWING PROPERTY: 610 WARREN STREET, UNIT 5A AND ROOF TERRACE UNIT #2, BROOKLYN, NY 11217*

     Customers Bank (hereinafter, the "***Secured Creditor***") by and through its undersigned Counsel, who is duly authorized to practice before this Court, on behalf of Stern & Eisenberg, PC, respectfully requests that the Court deny confirmation of the most recent Plan filed by Debtors Justin S. Parks and Estelle J. Girard (hereinafter, the "***Debtors***") and in support thereof respectfully represent and affirms under penalty of perjury as follows:

     1.  Secured Creditor is the holder of a Note and Mortgage executed by Debtors on April 9, 2019 in the amount of $1,425,000.00. Said loan is secured by the real property owned by Debtors located at 610 Warren Street, Unit 5A and Roof Terrace Unit #2, Brooklyn, NY 11217 (hereinafter, the "***Property***").

     2.  Debtors filed the instant Chapter 13 Bankruptcy on July 18, 2025 (hereinafter, the "***Petition Date***") and as a result, any State Court proceedings, if any, were stayed.

     3.  On September 2, 2025, Debtors filed their Chapter 13 Plan (hereinafter, the "***Plan***"), which provides for treatment of the Secured Creditor under Part 3.3, seeking a modification of the lien with a proposed new unpaid principal balance of $1,382,609.61 after capitalizing all arrears into the Plan at an interest rate of 3.0% amortized over thirty (30) years. Debtors propose to pay to the Chapter 13 Standing Trustee the sum of $5,461.00, a month, for sixty (60) months for a Total Base Plan of $338,460.00 (hereinafter, the "***Plan Payments***"). *See*, Docket Entry No. 18.

     4.  On September 16, 2025, Secured Creditor filed its Proof of Claim (hereinafter, the "***Claim***"), which evidences a mortgage lien on the Property in the amount of $1,420,833.71, consisting of pre-petition arrears, as of the Petition Date, in the amount of $54,270.26. *See*, Claims Register 8-1.

     5.  Secured Creditor does not object to Debtors' Plan on the basis that Debtors are seeking loss mitigation as Secured Creditor has forwarded an application to Debtors' Counsel and will review any full and complete packet sent by Debtors. Secured Creditor, however, does object to the proposed interest rate, which is unreasonable as it is nearly half of the current prime mortgage rate that Debtors will not be eligible for. The current prime rate is 6.27%, which is the best that Debtors can hope for.

     6.  Secured Creditor further objects to confirmation of the Debtors' Plan on the basis that the Plan fails to provide any alternative treatment in the event that a loan modification is denied

following a review of a full and complete loss mitigation application.  Secured Creditor avers that Debtors' Plan violates both 11 U.S.C. §§ 1322 and 1325.

7.   Secured Creditor reserves its right to file an Amended Plan Objection following the Claims Bar Date in the event that Debtors' Plan becomes underfunded and/or infeasible.

8.   By proposing to pay the Secured Creditor as proposed, the Plan violates the standards of 11 U.S.C. § 1325(a)(5)(B)(i).

9.   These Objections are made in accordance with the Rules of Bankruptcy Procedure.

WHEREFORE, Secured Creditor respectfully requests this Court deny confirmation of the Chapter 13 Plan together with such other relief this Court deems necessary and appropriate.

Respectfully submitted,
Stern & Eisenberg, PC
BY: /s/ Steven K. Eisenberg
Steven K. Eisenberg, Esquire
Stern & Eisenberg, PC
seisenberg@sterneisenberg.com
Bar Number: 5812821

Dated: September 25, 2025                    Attorney for Secured Creditor