**ANDERSON BOWMAN
WALLSHEIN, PLLC**
By: Btzalel Hirschhorn, Esq.
80-02 Kew Gardens Road
Suite 600
Kew Gardens, NY 11415
(718) 263-6800
bhirschhorn@abwpllc.com

*Counsel to Debtors
& Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK (BROOKLYN)**

| | |
|---|---|
| **In re:**<br><br>**JUSTIN S. PARKS and ESTELLE J. GIRARD,**<br><br>**Debtors.** | **Chapter 13**<br><br>**Case No. 25-43428-ess** |

**MEMORANDUM OF LAW IN SUPPORT OF THE DEBTORS' MOTION TO CONVERT THE DEBTORS' CHAPTER 13 CASE TO A CASE UNDER CHAPTER 11 PURSUANT TO 11 U.S.C. § 1307(d)**

Justin S. Parks & Estelle J. Girard (the "Debtors"), by and through their counsel, Anderson Bowman Wallshein, PLLC, respectfully submits this motion for an entry of an order converting the instant bankruptcy matter to one pending under Chapter 11 of the United States Bankruptcy Code. In support of the instant motion, the Debtors respectfully sets forth and states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 1334 and 157. This is a core proceeding under 28 U.S.C. §157(b)(2).

2. Venue of this case and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are 11 U.S.C. § 1307(d).

## FACTUAL BACKGROUND

4. On July 18, 2025 (the "Petition Date"), the Debtors filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. [Dkt No. 1].

5. Also on July 18, 2025, the Debtors filed a Chapter 13 Plan. [Dkt. No. 2].

6. At the time the Petition was filed, the Debtors believed that that their total tax liability was around $100,389.84. [Dkt. No. 1].

7. On July 30, 2025, the New York State Department of Taxation & Finance filed a claim in the total amount of $82,465.97, with $63,965.16 being claimed as secured and $16,233.21 being claimed as priority. [Claim No. 2].

8. On August 27, 2025, the Internal Revenue Service (IRS) filed a claim in the total amount of $304,317.23, all of which was being claimed as secured. [Claim No. 6].

9. As of the January 21, 2026, the total amount of secured claims filed in the instant matter is $1,697,152.69.

## RELIEF REQUESTED

10. By this Motion, the Debtors seek the entry of an Order substantially in the form attached hereto as Exhibit A converting the Debtors' instant Chapter 13 case to a case under Chapter 11 of the Bankruptcy Code.

## ARGUMENT

11. Bankruptcy Code Section 1307(d) provides:

> Except as provided in subsection (f) of this section, at any time before the confirmation of a plan under section 1325 of this title, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 11 or 12 of this title.

12. Additionally, Bankruptcy Code Section 1307(g) states that, "[n]otwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter."

13. Finally, Bankruptcy Code Section 109(e) specially addresses the requirements for being a debtor under chapter 13. Section 109(e) states in pertinent part "[o]nly…an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $526,700 [originally "$250,000", adjusted effective April, 1, 2025] and noncontingent, liquidated, secured debts of less than $1,580,125 [originally "$750,000", adjusted effective April 1, 2025] may be a debtor under chapter 13 of this title."

14. As discussed supra, the Debtors' secured debts amount to $1,697,152.69. As such, the Debtors are over the debt limit for secured debts prescribed in Bankruptcy Code § 109(e).

15. Furthermore, the Debtor Justin S. Parks ("Mr. Parks") is a real estate broker and has recently received commissions that are helping to stabilize his financial situation. Mr. Parks anticipates receiving additional commissions in the future which will also be used to fund a Chapter 11 Plan. The Debtors believe the more flexible payment lengths allowed in Chapter 11, combined with their additional income from commissions, will enable them to fund and successfully confirm a Chapter 11 plan.

16. Since the Debtors are over the applicable debt limits for a chapter 13 case and anticipate being able to fund and successfully confirm a Chapter 11 plan, the Debtors are seeking to convert the instant matter to one pending under chapter 11 of the Bankruptcy Code.

## NO PRIOR REQUEST

17. No previous motion for the relief sought herein has been made to this or any other court.

**WHEREFORE,** the Debtors respectfully request that the Court enter an order, substantially in the form attached, converting the Debtors' instant Chapter 13 case to a case under Chapter 11 of the Bankruptcy Code.

Dated: January 22, 2026
      Kew Gardens, NY

                                       **ANDERSON, BOWMAN
                                       & WALLSHEIN PLLC**

                                       */s/ Btzalel Hirschhorn*
                                       By: Btzalel Hirschhorn, Esq.
                                       Proposed Counsel for the Debtor
                                       80-02 Kew Gardens Road, Suite 600
                                       Kew Gardens, NY 11415
                                       (718) 263-6800
                                       bhirschhorn@abwpllc.com