UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

In re

JUSTIN S. PARKS and
ESTELLE J. GIRARD,

          Chapter 13

          Case No. 25-43428-ess

         Debtors.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

# THE INTERNAL REVENUE SERVICE'S NOTICE OF OBJECTIONS TO CONFIRMATION OF DEBTORS' SECOND AMENDED CHAPTER 13 PLAN

The United States of America, on behalf of the Internal Revenue Service ("IRS"), by and through its attorney JOSEPH NOCELLA, JR., United States Attorney for the Eastern District of New York, GEOFFREY M. STANNARD, Assistant United States Attorney, of counsel, hereby submits its objections to the Second Amended Chapter 13 Plan ("Second Amended Plan" or "Plan") proposed by Debtors Justin S. Parks and Estelle J. Girard ("Debtors") on November 19, 2025. *See* ECF No. 18.

As set forth more fully below, the IRS objects to the confirmation of Debtors' Second Amended Plan for several reasons. First, the Plan does not provide the IRS—a secured creditor—with adequate protection on its secured claim in the amount of $177,659.52, because Debtors failed to include it in Part 3 of the Plan, *cf.* 11 U.S.C. § 1326(a)(1)(C) (requiring payments that provide adequate protection to Chapter 13 secured creditors). Second, the Part 3 of the Plan does not provide for the retention of the IRS's liens as required under 11 U.S.C. § 1225(a)(5)(B)(i). Third, the Plan fails to provide postpetition interest applicable to secured claims paid in installments. *See* 11 U.S.C. § 1325(a)(5)(B).

## BACKGROUND

1. On July 18, 2025, Debtors filed a Voluntary Petition for Individuals Filing for Bankruptcy ("Petition") under Chapter 13 of the Bankruptcy Code. *See* ECF No. 1.

2. In Schedule E/F: Creditors Who Have Unsecured Claims ("Schedule E/F"), Debtors represented in the Petition that they owed the following unsecured debts to the IRS:

| Amount | Year Incurred | Type |
|---|---|---|
| $33,253.54 | 2010 | Nonpriority Unsecured |
| $67,988.17 | 2014 | Nonpriority Unsecured |
| $55,507.91 | 2015 | Nonpriority Unsecured |
| $11,123.23 | 2017 | Nonpriority Unsecured |
| $18,509.33 | 2018 | Nonpriority Unsecured |
| $10,681.73 | 2021 | Nonpriority Unsecured |
| $54,797.88 | 2022 | Priority Unsecured |
| $6,300.24 | 2023 | Priority Unsecured |
| $6,533.42 | 2023 | Priority Unsecured |
| $14,321.50 | 2024 | Priority Unsecured |

*See* Petition Schedule E/F. Debtors represented that each claim arose from taxes or other debts owed to the government. *See id.*

3. The Petition also includes Schedule D: Creditors Who Have Claims Secured by Property ("Schedule D"). *See* Petition Schedule D. Debtors failed to identify any secured claims attributed to the IRS in Schedule D. *See id.*

4. On July 18, 2025, Debtors filed the original Chapter 13 Plan ("Original Plan"). *See* ECF No. 2. The Original Plan listed the IRS as a priority unsecured creditor with $6,300 in arrears. *See id.* § 4.4. The Original Plan failed to account for any secured claim held by the IRS. *Cf. id.* § 3 (failing to list IRS' secured claim).

5.      A Notice of Chapter 13 Bankruptcy Case ("Notice") was filed on July 18, 2025. *See* ECF No. 8. The Notice set the deadline for governmental units to file a proof of claim as January 14, 2026. *See id.*

6.      On August 27, 2025, the IRS timely filed a proof of claim (the "IRS Proof of Claim"). *See* Claim Register No. 6-1. The IRS asserted secured claims totaling $177,659.52, unsecured priority claims totaling $73,616.48, and unsecured general claims totaling $53,041.23. *See id*. The secured claims consisted of unpaid income tax for tax years 2013, 2014, 2015, 2017, and 2018 totaling $31,340.00, along with prepetition penalties of $98,018.06 and prepetition interest of $48,301.46.

7.      The IRS had previously filed the following federal tax liens against Debtors in accordance with 26 C.F.R. § 301.6323(f)-1:

| **Residence** | **Period** | **Unpaid Balance** | **Liens Recorded** |
|---|---|---|---|
| 56 7th Ave Apt 7E, New York, NY 10011-6657 | 12/31/2013 | $27,331.81 | 07/17/2018 (Sec'y of State) 07/26/2018 (N.Y. Cnty.) |
| 56 7th Ave Apt 7E, New York, NY 10011-6657 | 12/31/2014 | $95,224.67 | 07/17/2018 (Sec'y of State) 07/26/2018 (N.Y. Cnty.) |
| 56 7th Ave Apt 7E, New York, NY 10011-6657 | 12/31/2015 | $76,689.25 | 07/17/2018 (Sec'y of State) 07/26/2018 (N.Y. Cnty.) |
| 610 Warren St Apt 5A, Brooklyn, NY 11217-4185 | 12/31/2017 | $9,355.87 | 09/02/2021 (Kings Cnty.) |
| 610 Warren St Apt 5A, Brooklyn, NY 11217-4185 | 12/31/2018 | $15,069.04 | 09/02/2021 (Kings Cnty.) |

*See id.* at 6-8.

8.      On September 2, 2025, Debtors filed an amended Chapter 13 Plan ("First Amended Plan"). *See* ECF No. 18. The First Amended Plan, like the Original Plan, listed the IRS as a priority unsecured creditor with $6,300 in arrears, and failed to account for any secured claim held by the IRS. *See id.* § 4.4; *cf. id.* § 3 (failing to list IRS's secured claim).

9. On November 19, 2025, Debtors filed the Second Amended Plan. *See* ECF No. 25. The Second Amended Plan lists the IRS as a priority unsecured creditor with $73,616.48 in arrears but still failed to account for any secured claim held by the IRS. *See id.* § 4.4 *cf. id.* § 3 (failing to list IRS's secured claim). The Second Amended Plan contemplates that Debtors will make payments over a sixty-month period. *See id.* § 2.1.

10. To date, Debtors have not objected to the IRS's Proof of Claim.

### OBJECTIONS TO DEBTORS' CHAPTER 13 PLAN

**A. The Second Amended Plan does not provide the IRS, a secured creditor, with adequate protection.**

11. The IRS Proof of Claim asserts secured claims totaling $177,659.52 in connection with prepetition taxes, penalties, and interests from tax years 2013, 2014, 2015, 2017, and 2018. *See* Claim Register No. 15-2.

12. The IRS Proof of Claim, executed and filed in accordance with the Federal Rules of Bankruptcy Procedure, is deemed to "constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f); *see also In re Richmond*, 534 B.R. 479, 483 (Bankr. E.D.N.Y. 2015) (Craig, Ch. Bankr. J.). A proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a); *see also In re Richmond*, 534 B.R. at 483.

13. No objection has been filed against the IRS Proof of Claim.

14. Neither the Plan nor Schedule D acknowledges that the IRS is a secured claimant. The secured claim of $177,659.52 must be addressed in any proposed plan of confirmation, and the IRS is entitled to payments providing adequate protection under any proposed plan of confirmation. *See* 11 U.S.C. § 1326(a)(1)(C) (requiring payments that provide adequate protection to Chapter 13 secured creditors); *see also In re Reyes*, 651 B.R. 99, 138 (Bankr.

S.D.N.Y. 2023) ("Section 1326 also requires payments that provide adequate protection to secured creditors.").

**B.     The Second Amended Plan fails to account for postpetition interest on the IRS's secured claim.**

15.     The Second Amended Plan fails to address the IRS's secured claim at all, so it also fails to address postpetition interest on the secured claim.

16.     The Second Amended Plan contemplates that Debtors will make payments over a sixty-month period. *See* ECF No. 18 § 2.1. The IRS, as a secured creditor, is entitled to receive interest payments under 11 U.S.C. § 1325(a)(5)(B)(ii). *See In re Busman*, 5 B.R. 332, 341 (Bankr. E.D.N.Y. 1980) (Parente, Bankr. J.) ("[A] plan complies with the requirements of 11 U.S.C. [§] 1325(a)(5)(B)(ii) if it provides that the secured creditor will receive the present value of his allowed claim which takes into account the discount of money to be received in the future. Where, as here, the secured creditor is to be paid in installments over time, it is entitled to a percentile interest factor, to protect the creditor from loss caused by being paid over a period of time.") (denying confirmation where proposed plan did not account for postpetition interest on IRS' secured tax claim). The Debtor should have listed a 7% interest rate in this section of the Plan for the Secured Claims based on the interest rate under 26 U.S.C. 6621. However, Part 3 of the Plan does not provide for interest to be paid on the Secured Claims and is therefore not in compliance with 11 U.S.C. § 1325(a)(5)(b)(ii)

## CONCLUSION

For the foregoing reasons, the Court should respectfully deny confirmation of the Second Amended Plan.

Dated: Brooklyn, New York
      February 10, 2026

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney
Eastern District of New York
271-A Cadman Plaza East
Brooklyn, New York 11201

By:   */s/ Geoffrey M. Stannard*
     Geoffrey M. Stannard
     Assistant U.S. Attorney
     (718) 254-6228
     geoffrey.stannard@usdoj.gov

cc:   **BY ECF**
     All counsel of record