IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re:<br>Justin S. Parks<br>Estelle J. Girard<br> Debtor(s) | Chapter: 13<br>Bankruptcy Case: 1-25-43428-ess<br>Bankruptcy Judge: Elizabeth S. Stong |

***Application of Customers Bank for Relief from the automatic Stay under 11 U.S.C. §362(d)* With Respect to Property: 610 Warren Street, Unit 5A and Roof Terrace Unit #2, Brooklyn, NY 11217 (the "Property")**

Customers Bank, through its Counsel Stern & Eisenberg PC, respectfully requests the Court grant its Application/Motion for Relief with regard to the Property and in support thereof respectfully represents as follows:

1. Customers Bank, (hereinafter "Movant") is a secured creditor of the Debtor as more fully set forth herein. This loan is currently serviced by Customers Bank.

2. On April 9, 2019, Justin Scott Parks AKA Justin S. Parks executed and delivered a note, in the principal sum of $1,425,000.00 (the "Note") to Quontic Bank A true and correct copy of the Note is attached as Exhibit "A" and is hereby incorporated by reference.

3. As security for the repayment of the Note, Estelle Girard Parks AKA Estelle J. Girard and Justin Scott Parks AKA Justin S. Parks executed and delivered a mortgage in the principal sum of $1,425,000.00 (the "Mortgage") to Mortgage Electronic Registration Systems, Inc. ("MERS"), solely as nominee for Quontic Bank. The Mortgage was duly recorded in the Suffolk County Clerk's Office on 04/16/2019 Book n/a, Page n/a. A true and correct copy of the recorded Mortgage is attached as Exhibit "B" and is hereby incorporated by reference.

4. Customers Bank is the holder of the original Note and assignee of the Mortgage. A true and correct copy of the chain of assignments is attached as Exhibit "C" and is hereby incorporated by reference.

5. Debtor, Justin S. Parks ,Estelle J. Girard ("Debtor(s)"), is, upon information and belief, an adult individual whose last-known address is Justin S. Parks , 610 Warren Street, Apt. 5A, Brooklyn, NY 11217, Estelle J. Girard, 610 Warren Street, Apt. 5A, Brooklyn, NY 11217.

6. Debtor filed the instant Chapter 13 Bankruptcy on July 18, 2025 and as a result, any State Court proceedings were stayed.

7. Debtor's mortgage loan is in default and is currently due for the August 1, 2025 payment and each subsequent payment through the date of the motion. Debtor has failed to make the following payments to Movant:

**POST-PETITION PAYMENTS IN DEFAULT**

| | |
|---|---|
| Monthly Payments in Default........................ | 08/01/2025 to 03/01/2026 |
| Monthly payments ($12,091.73 x 8) | $96,733.84 |
| Suspense Balance:........................ | $0.00 |
| Total Amounts Due as of March 17, 2026: | $96,733.84 |

8. In addition, Movant has incurred fees and costs in association within this Motion for Relief.

9. As a result of the Debtor's default and failure to make payments or to otherwise fail to adequately provide for Movant in the bankruptcy filing, Movant is not adequately protected and is entitled to relief. Movant may be required to incur additional expenses and advances for taxes, insurance, property preservation and other amounts in order to protect its security interest in the Property.

10. As per the Debtor's Schedule D, the value of the Property is listed as $1,850,000.00. A copy of the Debtor's Schedule D is attached as Exhibit "D" and is hereby incorporate by reference.

11. Furthermore, Debtor is in active Loss Mitigation, however, Movant has denied all Loss Mitigation options. A true and correct copy of the Loss Mitigation denial letter is attached as Exhibit "E" and hereby incorporated by reference.

12. Pursuant to the Denial Letter, Debtor is not eligible for mortgage assistance as "**income documents provided show insufficient income to support a modified mortgage payment**." *See*, Exhibit E.

13. Section 362(d) of the Bankruptcy provides a statutory remedy for creditors to obtain relief from the automatic stay imposed upon them at the time a Debtor files a bankruptcy petition 11 U.S.C. §362(d). Section 362(d) provides in pertinent part:

   *On request of a party in interest and after notice and a hearing, the Court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay:*

       *(1) for cause, including the lack of adequate protection of an interest in property of such party in interest;*

       *(2) with respect to a stay of an act against property under subsection (a) of this section if:*

           *(A) the debtor does not have any equity in such property;*
           *(B) such property is not necessary for an effective reorganization;*

   11 U.S.C. §362(d).

14. As a result of the Debtor's default and failure to submit post-payments to Movant, Movant is not adequately protected and is entitled to relief from the automatic stay pursuant to 11

U.S.C. §362(d)(1). *See* <u>In Re: Kornhauser,</u> 185 B.R. 425 (Bankr. S.D.N.Y. (1995); *see also* <u>In Re: Davis,</u> 64 B.R. 358 (Bankr, S.D.N.Y. 1986) (the failure to timely submit post-petition mortgage payments constitutes cause for relief under 11 U.S.C. §362(d)(1).

15. Movant is also entitled to relief from the automatic stay pursuant to Section 362(d)(2) as the Debtor lacks equity in the Property, In Re Stewart, 745 F 2d 1194, 1195 (9th Cir. 1984); In Re Garsal Reality, Inc., 98 B.R. 154 (Bankr, N.D.N.Y. 1989) (equity is "the remaining interest belonging to one who pledged or mortgaged his property, or the surplus value which may remain after the property has been disposed of for the satisfaction of liens."). Here, the outstanding liens secured by the Property exceed the current value of the Property. Therefore, relief is also appropriate under 11 U.S.C. §362(d)(2).

16. A correct copy of the proposed Order seeking relief is attached as Exhibit "F" and hereby incorporated by reference.

17. No such prior application has been made.


WHEREFORE, Movant respectfully requests this Court to grant the appropriate relief under 11U.S.C. §362 from the automatic stay as set forth in the proposed order together with such other relief as deemed just and appropriate.

Date: March 26, 2026                     Stern & Eisenberg, PC

                                         By: /s/Steven K. Eisenberg
                                         Steven K. Eisenberg, Esq.
                                         Bar No. 5812821
                                         Stern & Eisenberg, PC
                                         20 Commerce Drive
                                         Suite 230
                                         Cranford, NJ 07016
                                         Phone: (516) 630-0288
                                         Fax: (732) 726-8719
                                         seisenberg@sterneisenberg.com
                                         Counsel for Movant