**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **Justin S. Parks and Estelle J. Girard,** | **Case No. 25-43428-ess** |
| **Debtors.** | |

**ORDER ESTABLISHING DEADLINE FOR FILING**
**PROOFS OF CLAIM AS JULY 14, 2026 & APPROVING**
**THE FORM, MANNER, & NOTICE THEREOF**

Upon the application of the above captioned Debtors and Debtors-in-Possession (the "Debtors"), for an order, pursuant to Fed. R. Bankr. P. 3003(c)(3), fixing a deadline (the "Bar Date") and establishing procedures for filing proofs of claim and approving the form and manner of service thereof, and it appearing that the relief requested is in the best interest of Debtor, their estate, and creditors and that adequate notice has been given and that no further notice is necessary; and after due deliberation and good and sufficient cause appearing therefor, it is hereby

**ORDERED** that except as otherwise provided herein, all persons and entities, (including, without limitation, individuals, partnerships, corporations, joint ventures and trusts) that assert a claim, as defined in 11 U.S.C. § 101(5) against Debtors which arose on or prior to the conversion of Debtor's Chapter 13 to a Chapter 11 on April 4, 2026 (the "Conversion Date"), shall file a proof of such claim in writing so that it is received on or before **July 14, 2026 at 4:30 p.m. EST**; and it is further

**ORDERED** that notwithstanding any other provision hereof, proofs of claim filed by governmental units must be filed on or before ***October 1***~~November 3~~**, 2026 at 4:30 p.m. EST**; and it is further

**ORDERED** that the following procedures for the filing of proofs of claim shall apply:

*a.*     Proofs of claim must conform substantially to Form No. 410 of the Official Bankruptcy Forms;

*b.*     Attorneys (with full access accounts) and employees of institutional creditors (with limited access accounts) should file proofs of claim electronically on the Court's Case Management/Electronic Case File ("CM/ECF") system. Those without accounts or access to the CM/ECF system must file their proofs of claim by mailing or delivering the original proof of claim by hand to the United States Bankruptcy Court, Eastern District of New York, Conrad B. Duberstein U.S. Bankruptcy Courthouse, 271-C Cadman Plaza East, Suite 1595, Brooklyn, NY 11201. Those without accounts to the CM/ECF system can also file proofs of claim electronically at: www.nyeb.uscourts.gov/electronic-filing-proof-claim-epoc by selecting "File a Claim." This application does not require a login and password.

*c.*     Proofs of claim will be deemed filed only when <u>received</u> by the Clerk of the Bankruptcy Court on or before the Bar Date;

*d.*     Proofs of claim must be (*i*) signed; (*ii*) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; (*iii*) be in the English language; and (*iv*) be denominated in United States currency; and

*e.*     Debtor to whom the claim is filed for must clearly state Debtor's name and case number.

**ORDERED,** that the following persons or entities need not file a proof of claim on or prior to the Bar Date:

*a.*     Any person or entity that has already filed a proof of claim against Debtors with the Clerk of the Bankruptcy Court for the Eastern District of New York in a form substantially similar to Official Bankruptcy Form No. 410

*b.*     Any person or entity whose claim is listed on the Schedules filed by Debtors, provided that: (*i*) the claim is not scheduled as "disputed" "contingent" or "unliquidated"' and (*ii*) the claimant does not disagree with the amount, nature and priority of the claim as set forth in the Schedules; and (*iii*) the claimant does not dispute that the claim is an obligation of the specific Debtors against which the claim is listed in the Schedules;

*c.*     Any holder of a claim that heretofore has been allowed by order of this Court;

*d.*     Any holder of claim allowable under 11 U.S.C. § 503(b), §507(a) as an expense of administration; and it is further

**ORDERED** that any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which the order authorizing such rejection is dated on

or before the date of entry of this Order, must file a proof of claim based on such rejection on or before the Bar Date, and any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which an order authorizing such rejection is dated after the date of entry of this Order, must file a proof of claim on or before such date as the Court may fix in the applicable order authorizing such rejection; and it is further

**ORDERED** that if Debtor amends or supplements its Schedules subsequent to the date hereof, Debtor shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders shall be afforded thirty (30) days from the date of such notice to file proofs of claim in respect of their claims or be barred from doing so, and shall be given notice of such deadline; and it is further

**ORDERED** that nothing in this Order shall prejudice the rights of Debtor or any other party in interest to dispute or assert offsets or defenses to any Claim reflected in the Schedules; and it is further

**ORDERED** that pursuant to Fed. R. Bankr. P. 3003(c)(2) all holders of claims that fail to comply with this Order by timely filing a proof of claim in appropriate form shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution; and it is further

**ORDERED,** that a copy of the Notice substantially in the form annexed hereto is approved and shall be deemed adequate and sufficient if served by first-class mail at least thirty-five (35) days prior to the Bar Date on:

    *a.*      the United States Trustee;

    *b.*      counsel to each official committee, if any;

    *c.*      all persons or entities that have requested notice of the proceedings in the Chapter 11 case;

    *d.*      all persons or entities that have filed claims;

*e.* all creditors and other known holders of claims as of the date of this Order; including all persons or entities listed in the Schedules as holding Claims;

*f.* all parties to executory contracts and unexpired leases of Debtor;

*g.* all parties to litigation with Debtor;

*h.* the Internal Revenue Service for the district in which the case is pending and, if required by Fed. R. Bankr. P. 2002(G), the Securities and Exchange Commission;

*i.* such additional persons and entities as deemed appropriate by Debtor;

and it is further

**ORDERED** that with regard to those holders of claims listed on the Schedules, Debtor shall mail one or more proof of claim forms, as appropriate, substantially similar to official Bankruptcy Form No. 410 and clearly identifying which Debtor the claim is against; and it is further

**ORDERED** that any person or entity who desires to rely on the Schedules will have the responsibility for determining that the claim is accurately listed in the Schedules; and it is further

**ORDERED** that Debtor is authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

**ORDERED** that entry of this Order is without prejudice to the rights of Debtor to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Bar Date established herein must file such proofs of claim or interest or be barred from doing so.



Dated: Brooklyn, New York
    May 12, 2026

_____
Elizabeth S. Stong
United States Bankruptcy Judge