**ANDERSON & BOWMAN, PLLC**
By: Btzalel Hirschhorn, Esq.
80-02 Kew Gardens Road
Suite 600
Kew Gardens, NY 11415
(718) 263-6800
Bhirschhorn@abwpllc.com

*Proposed Counsel to Debtors*
*& Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK (BROOKLYN)**

| | |
|---|---|
| **In re:**<br><br>**JUSTIN S. PARKS and ESTELLE J. GIRARD,**<br><br>**Debtors.** | **Chapter 11**<br><br>**Case No. 25-43428-ess** |

**MEMORANDUM OF LAW IN OPPOSITION**

Justin S. Parks & Estelle J. Girard (the "Debtors"), by and through their counsel, Anderson & Bowman, PLLC, respectfully submits this instant opposition to the motion of Customers Bank ("Secured Creditor") for relief from the automatic stay and in supports states as follows:

**DISCUSSION**

1. On August 31, 2026, the Debtors sent Secured Creditor a wire in the amount of $172,242.3 for the payment of the alleged post-petition arears. By email dated September 4, 2026, counsel for Secured Creditor acknowledged receipt of the wire. By email dated September 8, 2026, a paralegal working for Secured Creditor's counsel further confirmed that the Debtor's account was current through September, 2026.

2. Notwithstanding the Debtors' payment of the full $172,242.38 demanded by Secured Creditor, and Secured Creditor's subsequent confirmation that the account is current through September 2026, Secured Creditor has demanded that the Debtors enter into a conditional

order providing for prospective stay relief. The Debtors should not be required to consent to such extraordinary relief where Secured Creditor has failed to substantiate the very payment amounts upon which its request is premised.

3. The Debtors have repeatedly requested a formal and complete payment history and accounting from Secured Creditor showing, among other things, the contractual payment amount, principal, interest, escrow, taxes, insurance, fees and charges, and the basis for any change in the monthly payment obligation. No such accounting has been provided. Instead, on September 8, 2026, counsel for Secured Creditor transmitted an email containing the chart reproduced below. The chart is not a statement or payment history issued by Secured Creditor, is not on Secured Creditor's letterhead, contains no supporting account records or calculations, and provides no explanation or documentation establishing how the amounts reflected therein were calculated.

| **10000011/Parks** | | **Payment Amount** | **Escrow Portion** | |
|---|---|---|---|---|
| Aug-25 | | $11,266.37 | $2,023.85 | |
| Sep-25 | | $11,266.37 | $2,023.85 | |
| Oct-25 | | $11,266.37 | $2,023.85 | |
| Nov-25 | | $11,266.37 | $2,023.85 | |
| Dec-25 | | $11,266.37 | $2,023.85 | |
| | | | | |
| Jan-26 | | $11,266.37 | $2,023.85 | |
| Feb-26 | | $13,080.52 | $3,838.00 | |
| Mar-26 | | $13,080.52 | $3,838.00 | |
| Apr-26 | | $13,080.52 | $3,838.00 | |
| May-26 | | $13,080.52 | $3,838.00 | |
| Jun-26 | | $13,080.52 | $3,838.00 | |
| Jul-26 | | $13,080.52 | $3,838.00 | |
| Aug-26 | | $13,080.52 | $3,838.00 | |
| Sep-26 | | $13,080.52 | $3,838.00 | |
| | | | | |
| **Total** | | **$172,242.38** | $42,847.10 | |

4. That omission is particularly significant because the chart conflicts with Secured Creditor's own account statement. The most recent statement received by the Debtors reflects monthly past-due payments of **$10,695.43** for March through August 2026, whereas the chart supplied by counsel reflects monthly payments of **$13,080.52** for the same period—a difference of **$2,385.09 per month and $14,310.54 in the aggregate**. See Exhibit A. The statement was provided to Secured Creditor's counsel on September 10, 2026, with a request that the discrepancy be explained. No explanation has been provided. Nor has Secured Creditor supplied an official payment history, escrow analysis, notice of payment change, or other bank-generated documentation establishing the basis for the higher amount appearing in counsel's chart. Under these circumstances, an unsupported chart pasted into the body of an email cannot substitute for competent evidence establishing the Debtors' actual contractual payment obligation, much less establish a continuing default warranting relief from the automatic stay.

5. Relief from the automatic stay under section 362(d)(1) requires "cause," including a lack of adequate protection. 11 U.S.C. § 362(d)(1). Adequate protection, in turn, protects a secured creditor against a decrease in the value of its interest in the collateral and may be provided through cash or periodic cash payments. 11 U.S.C. § 361. Here, Secured Creditor has received the entire **$172,242.38** that it demanded to cure the alleged postpetition arrears and thereafter expressly confirmed that the Debtors' account was current through September 2026. There is therefore no presently established payment default and no demonstrated diminution in the value of Secured Creditor's interest that would establish a lack of adequate protection. Indeed, Secured Creditor has not even provided a reliable accounting from which the Court could determine that any additional amount is presently due.

6. The Debtors should likewise not be compelled to execute a conditional stay-relief order predicated upon payment obligations that Secured Creditor itself has failed to substantiate. Such an order would effectively permit future stay relief based upon amounts appearing in an unexplained and internally inconsistent accounting, while shifting to the Debtors the risk created by Secured Creditor's refusal to provide the underlying account records. Having paid the full amount demanded, and with Secured Creditor having acknowledged that the account is current, the Debtors respectfully submit that no cause presently exists to modify, condition, or terminate the automatic stay under section 362(d)(1), and that the Motion should therefore be denied.

**WHEREFORE,** the Debtors respectfully request that the Court enter an order, denying Secured creditor's motion and for such other and further relief as the Court deems appropriate.

Dated: September 14, 2026
Kew Gardens, NY

**ANDERSON & BOWMAN, PLLC**

*/s/ Btzalel Hirschhorn*

By: Btzalel Hirschhorn, Esq.
Proposed Counsel for the Debtor
80-02 Kew Gardens Road, Suite 600
Kew Gardens, NY 11415
(718) 263-6800
Bhirschhorn@abwpllc.com